UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE KAYO CORP.,<br><br>      Plaintiff,<br>-against-<br><br>FILA U.S.A., INC.,<br><br>      Defendant. | Case No. 18-cv-03981-AKH<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

This Confidentiality Stipulation and Protective Order (this "Stipulation"), dated November 12, 2021, is made by and between Plaintiff, The Kayo Corp. ("Kayo") and Defendant, Fila U.S.A., Inc. ("Fila", together with Kayo, the "Parties").

**WHEREAS**, Kayo and Fila are parties to a License Agreement dated June 15, 2015 in which Kayo is licensee and Fila is licensor (the "Agreement");

**WHEREAS**, on May 3, 2018, Kayo commenced the above-captioned action (the "Litigation") against Fila in which the Amended Complaint seeks damages for Fila's alleged breach of contract; unjust enrichment; unfair competition; and an accounting. In response, Fila alleges several counterclaims including fraudulent inducement; breach of contract; and breach of the covenant of good faith & fair dealing;

**WHEREAS**, in light of the nature of the claims and defenses asserted by the Parties in this Litigation, discovery necessarily will focus on areas of the Parties' businesses of a sensitive and proprietary nature, the disclosure of which may pose a substantial risk of causing harm to the Parties' competitive positions if publicly disclosed;

**WHEREAS**, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, the Parties have reached an agreement on a procedure for controlling disclosure of such information produced during discovery as set forth herein;

FG:11824756.1

NOW THEREFORE, in consideration for the terms and conditions herein, the Parties agree as follows:

1.  This Stipulation shall govern the production and use of all documents, deposition testimony (including all transcription and video-taped recordings of testimony), deposition exhibits, answers to interrogatories and requests for admission, and other written, recorded or graphic discovery materials between the Parties in the Litigation ("<u>Discovery Material</u>"; a Party that produces Discovery Material, a "<u>Producing Party</u>"; and a Party that receives Discovery Material, a "<u>Receiving Party</u>").

2.  "<u>Confidential Information</u>" as used in this Stipulation shall mean any and all Discovery Material that the Producing Party indicates is being provided to the Receiving Party under this Stipulation and designated as "Confidential," <u>provided</u>, <u>however</u> that, notwithstanding anything herein to the contrary, "Confidential Information" as used in this Stipulation shall not include such portions thereof which: (a) presently are or hereafter become available to the Receiving Party on a non-confidential basis from the Producing Party; or (b) the Producing Party acknowledges has become available to the public other than as a result of a disclosure by a Receiving Party in violation of this Stipulation, such acknowledgment not to be unreasonably withheld.  At any time prior to trial in this Litigation, any Discovery Material inadvertently produced without a confidentiality designation, subsequently may be designated by the Producing Party as Confidential Information by so informing the Receiving Party, in writing.

3.  "Attorneys' Eyes Only" as used in this Stipulation means and applies to highly sensitive personnel, financial or proprietary information, the disclosure of which the producing party believes would cause harm to the producing party's business operations, employees, or other interests if disclosed to another party. It is understood that the "Attorneys' Eyes Only" designation is to be used in good faith and to protect the information that meets the above defined criteria. Any

party may designate Confidential Information to be Attorneys' Eyes Only information. Access to Attorneys' Eyes Only information shall be limited to (i) counsel for the Parties and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial and who have been advised by counsel of their obligations; (ii) any expert witness or consultants retained by the parties or their counsel in connection with this action; and (iii) personnel associated with the Court.

4. The Receiving Party will afford confidential treatment to the Confidential Information, and will not disclose the Confidential Information to any other party, but may disclose such information to:

    a. its employees and the attorneys of record in this Litigation, upon their acknowledgment of receipt and acceptance of the terms of this Stipulation;

    b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    c. any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the declaration attached as <u>Exhibit A</u> in accordance with paragraph 4;

    d. agents, consultants, and retained experts of the Receiving Party upon their acknowledgment of receipt and acceptance of the terms of this Stipulation, and who have executed the declaration attached as <u>Exhibit A</u> in accordance with paragraph 4, and the employees of such agents and consultants;

    e. stenographers engaged to transcribe depositions conducted in this Litigation;

  f. persons necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the Receiving Party will notify the Producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of the Confidential Information; and

  g. the Court and its support personnel.

5. Persons proposed under paragraph 3(c) or 3(d) shall be identified, in writing, to the Producing Party's counsel two business days in advance of any disclosure of Confidential Information to such person. If the Receiving Party proposes disclosure to a person under paragraph 3(c) or 3(d), such Receiving Party shall provide to the Producing Party, upon request, a copy of the declaration attached as <u>Exhibit A</u> executed by such person. Under no circumstances shall any person referenced in paragraph 3(c) or 3(d) be allowed to review any Confidential Information unless such person has executed a copy of the form attached as Exhibit A.

6. The Receiving Party shall not use any Confidential Information for any purpose other than in connection with this Litigation.

7. The Receiving Party shall use all best efforts to prevent the disclosure of Confidential Information to any unallowable third party.

8. All Confidential Information furnished to a Receiving Party by a Producing Party shall remain in the property of the Receiving Party and shall be destroyed or returned to the Producing Party within ten business days of final adjudication of this Litigation, together with any copies thereof. The Parties shall make reasonable efforts so that all experts and consultants they have retained abide by this provision.

9. The Parties acknowledge that unauthorized disclosure of Confidential Information will diminish the value of the proprietary interests that are the subject of this Stipulation. If a Receiving Party breaches its obligations hereunder, the Producing Party shall be entitled to seek equitable relief to protect its interests therein including, without limitation, injunctive relief, in addition to any and all other rights and remedies available at law or equity.

10. All Confidential Information filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Information, shall be filed under seal with the Clerk of Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and in accordance with Rule 4 of Judge Hellerstein's rules (upon the filing of a motion to request that documents be sealed). As provided in Judge Hellerstein's rules, the sealing of documents will be subject to ongoing review and reexamination by the Court and the Parties will use their reasonable efforts to minimize the filing of Discovery Material under seal.

11. Any Party who either objects to any designation of confidentiality, or who requests further limits on disclosure, may at any time prior to the trial in this Litigation serve upon counsel for the other Party a written notice stating with particularity the grounds of the objection or request. If the Parties cannot reach a prompt agreement respecting the objection, then they can seek the Court's involvement. Notwithstanding any challenge to the designation of Discovery Material as "Confidential Information," all Discovery Material designated as such must be treated as such and as subject to this Stipulation until one of the following occurs: (a) the designating Party withdraws its confidentiality designation in writing; or (b) the Court decides the Discovery Material at issue is not subject to protection as confidential.

12. Neither Party shall be obligated to challenge the propriety of a confidentiality designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact Confidential Information.

13. Nothing in this Stipulation shall prevent disclosure of Confidential Information beyond the terms of this Stipulation if the Producing Party consents to such disclosure, in writing, or if the Court orders such disclosure.

14. If any party wishes to use information or documents designated as Confidential Information or Attorneys' Eyes Only during any trial of this action, the parties will in advance confer in good faith to agree upon a method to protect such Confidential Information during such proceedings; if they are unable to agree upon a method to protect such Confidential Information, any party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

15. A deposition transcript, or any part thereof, may be designated by any Party requesting confidential treatment either on the record or by written communication mailed within five business days after receipt by the parties of the transcript. All parties shall treat a deposition transcript as Confidential Information during the five business days after receipt by the parties of the transcript. If Confidential Information or Attorneys' Eyes Only treatment of a transcript is requested on the record, the court reporter shall be instructed to mark the face of the transcript containing the designated testimony with the designation "Confidential Information" or "Attorneys' Eyes Only" and shall provide an index listing those parts which have been so designated. Copies of all exhibits designated under this Order shall be separately marked as "Confidential Information" or "Attorneys' Eyes Only."

16. Nothing in this Order shall be deemed a waiver of any right any Party might otherwise have under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection.

17. Notwithstanding the foregoing, in the event the Receiving Party or its representatives receives a subpoena, order or other legal mandate seeking the disclosure of Confidential Information, the Receiving Party (or its representatives) shall give to the Producing Party written notice of same within 48 hours of receiving same, and in no event shall turn over such Confidential Information to anyone without giving the Producing Party at least 10 days advance notice of same, so it can make an application for a protective order or related relief. The Receiving Party and its representatives agree to stipulate to and otherwise cooperate with the Producing Party's request for such relief.

18. This Stipulation shall be construed in accordance with the laws of the State of New York, without giving effect to principles of conflict of laws.

19. This Stipulation is the complete and exclusive statement of the agreement among the Parties, and supersedes all prior written and oral communications and agreements, relating to the subject matter hereof.

20. In the event of invalidity of any provision of this Stipulation, the Parties agree that such invalidity shall not affect the validity of the remaining portions of this Stipulation, and further agree to substitute for the invalid provision a valid provision which most closely resembles the intent and economic effect of the invalid provision.

21. This Stipulation may be signed in counterparts and by facsimile.

22. This Stipulation shall survive termination of the Litigation.

23. The Court will retain jurisdiction over the terms and conditions of this Stipulation only for the pendency of the Litigation.

24.	This Stipulation does not bind the Court or any of its personnel.

Dated: November 12, 2021

| **FOSTER GARVEY P.C.** | **ARENT FOX LLP** |
|---|---|
| /s/ Andrew J. Goodman | /s/Katie Heilman |
| Andrew J. Goodman | Katie Heilman |
| Kara M. Steger | 1717 K Street, NW |
| 100 Wall Street, 20th Floor | Washington, DC 20006-5344 |
| New York, New York 10005 | Tel: 202.857.6026 |
| (212) 965-4534 | katie.heilman@arentfox.com |
| andrew.goodman@foster.com | |
| (212) 965-4536 | David Yearwood |
| kara.steger@foster.com | 1301 Avenue of the Americas, 42 Floor |
| | New York, New York 10019 |
| | Tel: 212.484.3900 |
| | david.yearwood@arentfox.com |
| *Attorneys for Plaintiff The Kayo Corp.* | *Attorneys for Defendant Fila U.S.A., Inc.* |

SO ORDERED.

/s/ Alvin K. Hellerstein
_____
ALVIN K. HELLERSTEIN
United States District Judge

Dated: November 17, 2021
	New York, New York

8

# EXHIBIT A

## DECLARATION OF COMPLIANCE WITH CONFIDENTIALITY AGREEMENT

I, _____, declare as follows:

1. I have read and understand the contents of the *Confidentiality Stipulation and Protective Order,* dated November __, 2021 (the "Stipulation") by and between The Kayo Corp. and Fila U.S.A. Inc.

2. I am executing this Declaration and agreeing to observe the conditions provided in the Stipulation prior to any disclosure to me of documents, things and/or any other information containing, in whole or in part, information governed by the Stipulation.

3. I expressly agree that: (a) I have read and shall be fully bound by the terms of the Stipulation; (b) all documents, things and information which are disclosed to me pursuant to the Stipulation shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the Stipulation; and (c) I shall not use any of the documents, things and/or any information governed by the Stipulation other than in connection with the Litigation (as defined in the Stipulation).

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                             Signature

FG:11824756.1